FILED

NOT FOR PUBLICATION

APR 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CANDY J. VASQUEZ,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant - Appellee.

No. 08-56608

D.C. No. 5:07-cv-01035-SS

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON and GRABER, Circuit Judges.

Candy J. Vasquez appeals the ALJ's decision that she was not disabled

within the meaning of the Social Security Act because she retained residual

functional capacity sufficient to perform her previous work.  The district court

affirmed the ALJ.  We reverse and remand for the award of benefits.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Given the severity of Vasquez's impairments, we are convinced that the ALJ erred in finding Vasquez's testimony not credible and that Vasquez retained residual capacity to work. Reports from several treating physicians, including Doctors Ronay, Evans, Huynh, and Melendez, as well as the record as a whole, demonstrate that Vasquez suffered from several disabling conditions: morbid obesity, she weighed over 370 pounds while standing only 4' 10" tall; diabetes and diabetic neuropathy; persistent imbalance causing frequent falls; spinal degeneration; knee and hip pain; difficulty walking; and a host of other impairments that impeded her capacity to work. One treating physician twice opined in his notes that Vasquez was disabled.[1] Vasquez's testimony was entirely consistent with these impairments: she testified to the substantial limitations and physical pain caused by these impairments.

---

[1] In contrast, *none* of the doctors whose opinion the dissent cites were treating physicians. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. Cal. 2007) (explaining that "a treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record" and even if not afforded controlling weight must still be afforded deference; such opinions cannot be discounted without providing specific and legitimate reasons). In addition, in large part these doctors' examinations—which noted extreme morbid obesity, diabetes, trauma to Vasquez's knee, and back strain—were consistent with Vasquez's claims of physical disability and her treating physicians' reports. Finally, because we do not rely on Vasquez's claimed mental disabilities, the opinions of doctors Smith and Schrift are largely irrelevant. To the extent that these opinions describe Vasquez's daily activities and physical limitations, they strongly suggest disability.

In light of these impairments, we conclude that there was not substantial evidence supporting the ALJ's decision that Vasquez's testimony was not credible and that she should be denied benefits. *See Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). In assessing Vasquez's capacity to work during the twelve month qualifying period, the ALJ appears to have improperly relied on Vasquez's weight loss following her gastric bypass surgery, which occurred over two years after the onset of disability. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007). We also disagree with the ALJ's reliance on Vasquez's failure to take stronger pain medication as proof of her level of pain and with its findings that Vasquez's limited daily activities at home supported an inference that she could work. *See Reddick*, 157 F.3d at 722-26. Not only were these activities quite limited, the ALJ mischaracterized the record regarding several of the activities. Vasquez's testimony that she "use[s] one of [those] little electric carts" when going to the market and the record reflecting that she used a wheelchair when leaving the house completely undermines the ALJ's conclusion that Vasquez's ability to run errands was inconsistent with disability. The ALJ's findings regarding Vasquez's other activities, such as cooking dinner, which she had to do in "shifts," and her control of her diabetes and diabetic neuropathy are similarly contradicted by the record. *See id.* at 722 ("[D]isability claimants should not be penalized for

3

attempting to lead normal lives in the face of their limitations."). We find no clear and convincing reasons for rejecting Vasquez's testimony.[2] *See Lingenfelter*, 504 F.3d at 1036-37.

Because we find that the record is replete with evidence of disability, and because we find the ALJ improperly discredited Vasquez's testimony, we conclude that the record compels a finding that during the relevant period Vasquez was disabled within the meaning of the Social Security Act. Therefore, we reverse and remand for an award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

REVERSED and REMANDED.

---

[2] Even if we were willing to speculate that Vasquez occasionally engaged in swimming during her disability period, despite an absence of record evidence on this point, this would not change our conclusion. *Cf. Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that many daily activities may not be transferable to the more grueling work environment).

Vasquez v. Astrue, No. 08-56608

GRABER, Circuit Judge, dissenting:

I respectfully dissent.  Although we review the district court's decision de novo, Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001), we must affirm the Commissioner's decision if it is supported by substantial evidence, Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  In my view, under our deferential standard of review, we must affirm.

The administrative law judge ("ALJ") gave specific, clear, and convincing reasons, supported by substantial evidence, to discredit Claimant's testimony about the extent of her claimed disability beginning March 4, 2004.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (stating standard).  I would hold that these reasons sufficed and were supported by substantial evidence.

For example, the ALJ pointed out that the medical records reflected no sustained symptoms or clinical pathology consistent with Claimant's allegations of severe back and leg pain and neurological deficits.  The records of Dr. Rose (2004 and 2005), Dr. Yusufaly (2004), and Dr. Gerson (2004) support this reason.

The ALJ noted that Claimant admittedly gets along well with others and that her depression and anxiety are treatable and manageable.  Again, the medical records support this reason (for example, Dr. Smith in 2004).

The ALJ permissibly relied on the fact that Claimant's daily activities

exceeded her reported extent of disability. Claimant reported to two psychiatrists that she could dress and bathe independently, spend time at her computer, get herself to appointments, manage money (e.g., pay her bills), drive herself around, socialize with friends and family, perform household chores, shop, and cook. Claimant also was swimming at the time of the alleged onset date; her report to Dr. Melendez of *more frequent* swimming after the gastric bypass surgery, coupled with her report of swimming a year *before* the alleged onset date, permitted the ALJ to infer that Claimant was swimming between those dates.

Finally, the ALJ properly noted that several doctors found that Claimant was able to perform light work. These doctors included Dr. Rose, Dr. Gerson, Dr. Smith, Dr. Schrift, and Dr. Manolakas.

The ALJ's additional reliance on significant improvements after the gastric bypass surgery does not detract from the several other significant bases for his credibility finding.

As we are not at liberty to substitute our judgment for the Commissioner's in the face of substantial evidence, I dissent.